IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO QUEZADA,

        Plaintiff,        CV F 06 1088 OWW WMW PC

  vs.                        ORDER RE MOTION FOR TEMPORARY
                                RESTRAINING ORDER (DOC 11)

A. HEDGPETH, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for a temporary restraining order.

      Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, is proceeding against defendant correctional officials employed by the CDCR at Kern Valley State Prison.  Plaintiff's first amended complaint sets forth allegations that he and other inmates are being denied adequate access to the inmate grievance process.

      In a concurrently entered order, the Court dismissed the first amended complaint on which this action proceeds, with leave to amend the complaint.  The first amended complaint proceeded on claims of inadequate access to the prison grievance process and retaliation.  The claims regarding access to the grievance process were dismissed on the ground that Plaintiff does

1

not have a protected interest in the prison grievance process, because there is no entitlement to a specific grievance procedure.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003).  The retaliation claim was dismissed because Plaintiff failed to allege sufficient facts to state a claim for relief for retaliation.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005).

      Plaintiff seeks an order restraining Defendants from:

        1. Associating Plaintiff with disruptive prison gangs who are continually on lockdown.

        2. Refusing to admonish institutional memorandums which conclusively distinguish Plaintiff from association and or affiliation with "any" disruptive prison gangs.

        3. Depriving Plaintiff of earned credits and participation in recreational activities according to his privilege Group A-1-A status.

        4. Arbitrary punishment that is being imposed on Plaintiff without cause or legal justification, and due process of law.

        5. Continual lockdown which limits Plaintiff physical access to the law library for legal research.

        6. Obstructing Plaintiff's post deprivation remedies available through the institutional appeals procedures,

        7. That Plaintiff be allowed to go before a committee and be re-classified as an (other0 to cease all deliberate affiliation to the Hispanic disruptive prison gangs by prison staff.

      Plaintiff submits his declaration in support of his motion.  The crux of Plaintiff's complaint is a January 4, 2007, decision by prison officials to place disruptive Hispanic gangs on lockdown.  Though Plaintiff declares that he was "not effected" by the lockdown, he was "met with resistance by staff" concerning his ethnicity.  Plaintiff, classified as Mexican, has sought to have his classification changed to "other" as he does not desire to be associated with the disruptive Hispanic gangs.  Plaintiff declares that in past lockdowns, he was able to go to program.   Plaintiff also restates generally the allegations in the first amended complaint regarding his dissatisfaction with the prison grievance process.  Plaintiff also makes a general

reference to danger associated with prison gangs, but he does not identify any particular harm he is subjected to. Further, most of the individuals identified in Plaintiff's declaration are not named defendants in this action. There are no allegations in the first amended complaint regarding Plaintiff's ethnic classification or housing status.

The purpose of a preliminary injunction is to preserve the status quo of the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor." Arcamuzi v. Continental Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

Because the operative pleading in this action fails to state a claim for relief, the Court finds that Plaintiff has not demonstrated a probability of success on the merits. Further, the declaration in support of Plaintiff's motion does not establish a significant threat of irreparable injury. Plaintiff refers to generalized harm regarding his classification, but does not indicate any particular harm that he is subjected to. Plaintiff's declaration indicates that the disruptive gangs are on lockdown. Plaintiff's evidence therefore indicates that prison officials are taking steps to minimize the danger of harm.

Further, this action proceeds on Plaintiff's claims of denial of adequate access to the inmate grievance process, and retaliation for Plaintiff's exercise of his First Amendment rights. As noted, the first amended complaint fails to state a claim for relief as to either of those claims.

Plaintiff is therefore not entitled to injunctive relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order and preliminary injunctive relief is denied.

IT IS SO ORDERED.

**Dated:   March 21, 2008**                              /s/ Oliver W. Wanger
                                                               UNITED STATES DISTRICT JUDGE

4