# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:06-cv-01088-OWW-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 40, 45, 49, 56) |
| B. GRICEWICH, et al., | and |
| Defendants. | ORDER GRANTING THIRTY (30) DAY EXTENSION TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions from Plaintiff.

**I.  Discussion**

   **A.  Plaintiff's Motion for an Evidentiary Hearing**

On November 20, 2009, Plaintiff filed a motion requesting an evidentiary hearing. (Doc. #40.) Plaintiff fails to set forth any grounds for an evidentiary hearing. Plaintiff claims that an evidentiary hearing is necessary to establish the fact that prison officials are allowing constitutional violations to occur through the inmate appeals process. Plaintiff is advised that an evidentiary hearing is not the appropriate avenue to address Plaintiff's concerns. If prison officials are violating Plaintiff's constitutional rights through the inmate appeals process, the issue must be properly addressed in a lawsuit, not an evidentiary hearing. Plaintiff's motion for an evidentiary hearing will be denied.

### B. **Plaintiff's Motions for Service and Pre-Discovery**

On February 26, 2010, Plaintiff filed a motion requesting service of documents to effect service of process on Defendant John Doe. (Doc. #45.) Plaintiff admits that he does not know John Doe's true identity and requests the Court's assistance in identifying and locating John Doe. Plaintiff filed a related motion seeking "pre-discovery" to identify John Doe on May 14, 2010. (Doc. #49.) On July 19, 2010, Plaintiff filed a motion requesting a ruling on the May 14, 2010 motion. (Doc. #56.)

It is Plaintiff's burden to obtain sufficient information regarding John Doe's identity and current address to effect service of process. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (in forma pauperis litigant entitled to have process served by U.S. Marshal if litigant provides necessary information to help effectuate service). Plaintiff may be able to obtain John Doe's identity through discovery. Discovery has not yet begun in this case. The Court will not open discovery until Defendant's motion to dismiss is resolved and Defendant files an answer. When discovery is opened, Plaintiff may propound discovery requests on Defendant to obtain John Doe's identity. If Plaintiff is able to identify John Doe through discovery, he may amend his complaint to state claims against the identified John Doe and attempt to have process served. The Court will not open discovery early for the purpose of facilitating John Doe's identification as the resolution of the motion to dismiss in Defendant's favor may render the issue moot. Plaintiff's motions will be denied.

### C. **Plaintiff's Motions Requesting Injunctive Relief**

On July 19, 2010, Plaintiff filed a motion requesting a ruling on his June 30, 2010 motion for an extension of time to file an opposition to Defendant's motion to dismiss. (Doc. #55.) Although Plaintiff's motion for an extension of time was granted, Plaintiff complains that the Court did not rule on Plaintiff's request to order prison officials to allow Plaintiff to obtain copies of over 100 pages of documents Plaintiff claims that he needs in order to opposed Defendants' motion to

dismiss.[1] Plaintiff filed a separate order seeking injunctive relief to compel prison officials to allow Plaintiff to obtain more than 100 pages in copies.

The Court will rule on Plaintiff's motion for preliminary injunctive relief at a later date. However, the Court notes that Plaintiff does not need to file an opposition that is more than 100 pages in length to effectively oppose Defendants' motion to dismiss. Plaintiff indicates that his (now untimely) opposition contains 250 pages of exhibits. Defendants' motion to dismiss is relatively straightforward. The only issue raised in their motion to dismiss is whether Plaintiff exhausted his administrative remedies prior to filing suit. Plaintiff does not need 250 pages of exhibits to demonstrate that he exhausted his administrative remedies prior to filing suit.

The Court notes that Plaintiff has allowed the deadline for submitting his opposition to pass without requesting a second extension of time. The Court will provide Plaintiff with an extension of time to file an opposition to Defendants' motion to dismiss. However, the Court will also order that Plaintiff be prohibited from filing an opposition that is greater than 50 pages in length (including exhibits), without first obtaining leave from the Court. Any request for leave to file an opposition greater than 50 pages in length (including exhibits) must persuasively demonstrate the need for such a lengthy filing by identifying what documents Plaintiff is attempting to include and explaining how they are both relevant and necessary to oppose Defendants' motion to dismiss. Plaintiff is advised that any request for leave to file an opposition greater than 50 pages (including exhibits) will be strongly disfavored. Plaintiff is also advised that filing a request for leave to file an opposition greater than 50 pages does not obviate Plaintiff's obligation to file his opposition on time.

If Plaintiff attempts to file an opposition that is over 50 pages in length without first obtaining leave from the Court, it will be stricken. Given the page limit, Plaintiff's request for preliminary injunctive relief will be rendered moot and Plaintiff will be required to submit his opposition within 30 days of the date of service of this order.

---

[1] The Court did not rule on Plaintiff's request for an order compelling prison officials to copy Plaintiff's documents because Plaintiff's motion was confusingly titled "Request for an Extension of Time to Serve a Response to Defendants 12(b) Motion, Along with a [Proposed] Order." Plaintiff's proposed order only addressed the issue of an extension of time. The Court assumed that the only relief requested was the relief addressed in the proposed order provided by Plaintiff, and issued an order that was nearly identical to the proposed order.

## II. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an evidentiary hearing, filed on November 20, 2009, is DENIED;

2. Plaintiff's motion requesting service of his complaint, filed on February 26, 2010 is DENIED;

3. Plaintiff's motion requesting "pre-discovery," filed on May 14, 2010 is DENIED;

4. Plaintiff's motion seeking a ruling on his May 14, 2010 is DENIED as moot;

5. Plaintiff is granted an extension of time of thirty (30) days from the date of service of this order within which to file his opposition to Defendants' motion to dismiss; and

6. Plaintiff is prohibited from filing an opposition to Defendants' motion to dismiss that exceeds 50 pages in length (including exhibits) without first obtaining leave from the Court.

IT IS SO ORDERED.

**Dated:    August 10, 2010**                              /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE