# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. GRICEWICH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01088-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS REQUESTING PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 55, 57)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

      Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 19, 2010, Plaintiff filed a motion requesting a ruling on his June 16, 2010 motion for an extension of time.  (Doc. #55.)  On July 22, 2010, Plaintiff filed a motion requesting "judicial intervention in order to access the court." (Doc. #57.)

      Plaintiff's motions request preliminary injunctive relief.  Plaintiff's July 19, 2010 motion requests that the Court provide a further ruling on Plaintiff's June 16, 2010 motion for an extension of time.  The Court inadvertently failed to rule on Plaintiff's request that the Court order prison officials to permit Plaintiff to copy more than 250 pages of documents to be submitted with Plaintiff's opposition to Defendants' motion to dismiss.  Plaintiff's July 22, 2010 motion raises the same issue.  The relief requested by Plaintiff is by its nature a request for preliminary injunctive relief, since Plaintiff is asking the Court to intervene in the everyday administration of the prison in order to prevent future injury.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party such that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's motion complains that prison officials are interfering with his access to the courts because prison regulations prevent Plaintiff from obtaining more than 100 pages of copies. Plaintiff contends that he needs to copy 250 pages of exhibits to file an opposition to Defendants' motion to dismiss. However, in a separate order, the Court informed Plaintiff that an opposition that contains 250 pages of exhibits is highly excessive and prohibited Plaintiff from filing an opposition that is greater than 50 pages in length (including exhibits) without first obtaining leave from the Court. Accordingly, the Court finds that Plaintiff cannot establish that he is likely to suffer irreparable injury as a result of the prison's photocopy policy.

Further, the Court notes that Plaintiff has not made any effort to establish that he is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or that the relief he

1   is requesting is in the public's interest.  Accordingly, the Court finds that Plaintiff is not entitled to
2   preliminary injunctive relief.
3         Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for
4   preliminary injunctive relief be DENIED.
5         These Findings and Recommendations are submitted to the United States District Judge
6   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
7   days after being served with these Findings and Recommendations, any party may file written
8   objections with the Court and serve a copy on all parties.  Such a document should be captioned
9   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10  shall be served and filed within ten (10) days after service of the objections.  The parties are advised
11  that failure to file objections within the specified time may waive the right to appeal the District
12  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14  IT IS SO ORDERED.
15  **Dated:   August 10, 2010**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE