# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVARO QUEZADA, | | 1:06-cv-01088-OWW-GBC (PC) |
| | Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING UNENUMERATED 12(b) MOTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | | |
| GRICEWICH, et al., | | |
| | Defendants. | |
| | / | (Doc. 50) |

**I. Procedural History and Facts**

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint, filed July 6, 2009, against Defendants Takahashi and "John Doe #1" for retaliation. (Docs. 37, 43, 44). On June 3, 2010, Defendant Takahashi ("Defendant") filed an unenumerated 12(b) motion to dismiss the action due to the Plaintiff's failure to exhaust administrative remedies. After obtaining an extension, Plaintiff filed his opposition and request for judicial notice[1] on August 27, 2010. (Docs. 63, 64). On August 27, 2010, Defendant filed a reply. (Doc. 61).

Plaintiff's administrative appeal was submitted on February 23, 2006. (Doc. 50-2,

---

[1] Plaintiff's request for judicial notice is denied. Plaintiff's document regarding an inmate appeal submitted on September 14, 2009, is not relevant to the instant action. Moreover, although the appeal states that two of Plaintiff's 6-2 forms were incorrectly screened in 2009, the fact that the administrative process was able to correct such error within the year contradicts Plaintiff's argument that the administrative system is intended to "thwart" prisoner's attempts of successfully exhausting administrative remedies.

Declaration of Rachel Munoz). The administrative appeal was screened out and returned to Plaintiff with a CDC form 695 instructing Plaintiff on how to comply with regulations to correctly submit an administrative appeal. (Doc. 50-2, Declaration of Rachel Munoz).

**II. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 n.5). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009); *see also Woodford v. Ngo*, 548 U.S. 81, 86. The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level (the "Director's Level"). *Id.* at § 3084.5. Appeals must be submitted within

fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c).

Plaintiff argues that his administrative appeal was screened out in error and that such screening was "solely designed to thwart and impede on plaintiff's staff complaint from being processed . . .[the screening process is] based on a deficient policy . . . ." (Doc. 63 at p. 4). Plaintiff asserts that after receiving notice of his appeal being screened out, Plaintiff responded on March 21, 2006, explaining that his appeal was only on his own behalf and not on the behalf of others. (Doc. 63 at p. 4). Plaintiff asserts that he re-filed the administrative appeal on March 21, 2006. (Doc. 63 at p. 5). Plaintiff's arguments are without merit. Plaintiff does not offer any proof to demonstrate that he re-filed the administrative appeal on March 21, 2006. Moreover, even if Plaintiff's explanation was considered to be a re-filing, Plaintiff's explanation that the appeal was not on the behalf of other's contradicts the action requested in his appeal form where he requests that the Defendant stop "punishing the workers as a whole" and that he "stop harassing the workers and the TAC reps." (Doc. 63 at p. 25). Since is appears that: 1) the reason for screening the complaint was clear; 2) Plaintiff's administrative appeal form requests relief for individuals other than himself; 3) Plaintiff's failure to exhaust was due to his own errors in correcting his administrative appellate paper work; and 4) Plaintiff has not provided documentation demonstrating that he correctly resubmitted his administrative appeal, it does not appear that the screening processes was designed "to thwart and impede" Plaintiff's administrative appeals process. *See e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 126). Moreover, as Defendant aptly points out, the fact that Plaintiff's administrative appeal record shows that Plaintiff has submitted numerous appeals that have been processed for review, up to the director's level demonstrates that the system is not designed to intentionally "thwart" prisoner's ability to have their complaints processed. (Doc. 61 at p. 4; Doc. 50-3).

///

///

///


### III. Conclusion and Recommendation

Defendant has shown that Plaintiff did not exhaust he claims underlying this action and Defendant is therefore entitled to dismissal of the claim. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed June 3, 2010, be GRANTED, and Plaintiff's claim against all defendants be DISMISSED, without prejudice, for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 4, 2011                                    UNITED STATES MAGISTRATE JUDGE